**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MELANIE WALKER,

                    Petitioner,                         Case Number: 2:12-CV-10833

v.                                                      HONORABLE DENISE PAGE HOOD

MILLICENT WARREN,

                    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner Melanie Walker has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, challenges her conviction for armed robbery on the ground that the conviction is not supported by sufficient evidence.  Respondent argues that the petition should be denied because the claim is meritless.  For the reasons discussed, the Court denies the petition.

### I.  Facts

Petitioner's convictions arise from the robbery of a cab driver, Michael Borders, on November 9, 2008.  Borders testified that, on that date, he picked Petitioner up at approximately 2:10 in the afternoon in Ypsilanti.  Petitioner asked to stop at a CVS, which Borders did.  She then told him to drive to an address in Inkster.  Borders drove her to what Petitioner said was her grandmother's house.  She exited the car, telling Borders

that her grandmother would give her money to pay the cab fare.  After no one answered the door of the home, Petitioner returned to the cab and asked Borders to take her to several other locations on the same street from where she said she could get money for the fare.  After going to a third home approximately one mile from her grandmother's house and not obtaining any money, Petitioner asked Borders to drive her back to her grandmother's house.  Borders refused to do so and said he was going to take her to the Wayne County Sheriff's Department to see if they could get money from her for the cab fare.  Petitioner, who was seated behind Borders, then stuck something pointy against Borders' neck and threatened to cut him if he did not give her his money.  Borders gave her five one dollar bills.  He never saw the object Petitioner pressed against his neck, but assumed it was a knife.

Petitioner took Borders' money and exited the cab.  She ran to a car parked two vehicles in front of where the cab was stopped.  The car carrying Petitioner then drove away.  Borders followed the vehicle while calling 911 on his cell phone.  The vehicle carrying Petitioner was ultimately surrounded by police.  Petitioner jumped from the vehicle and started screaming, "Here's his money, here's his money."  Tr., 3/20/09 at 14.

City of Inkster police officer Cary Born testified that he responded to a police call that a cab driver had been robbed.  He located the vehicle into which it was believed the suspect had fled.  Officer Born activated his overhead lights and the vehicle stopped.  A woman Born identified as Petitioner exited the vehicle and began to walk away.  Officer Born ordered her to stop.  She did not.  When Petitioner refused his order to stop, Officer

2

Born wrestled her to the ground.  Ultimately, he was able to handcuff her and place her in his patrol car.  Once inside the patrol car, she continued to kick and attempted to kick out one of the car's side windows.  After she had calmed down, Petitioner provided false identifying information to the police.  She told Officer Born that he would find Borders' money in her purse.  Officer Born did not find any money after looking in Petitioner's purse, but did find a crack pipe.

Petitioner testified in her own defense.  She testified that she was picked up by Borders in Ypsilanti and that she first went to a CVS and then to her grandmother's home in Inkster.  When her grandmother was not home, she asked Borders to drive her to another location to obtain money.  He refused and told her that he would take her to the police department instead.  She pleaded with him not to do so because she was on parole. Petitioner testified that Borders activated the back door locks and she had to climb to the front seat to exit the vehicle.  She testified that she then entered a friend's car and was driven away.  She admitted at trial that she resisted arrest and provided a false name to police.

## II.  Procedural History

Following a bench trial, Petitioner was convicted of armed robbery and assaulting, resisting, or obstructing a police officer.  On April 10, 2009, she was sentenced to eight to twenty years in prison for the armed robbery conviction and to time served for the assaulting, resisting or obstructing a police officer conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  She raised

3

this claim:

> The evidence was insufficient to sustain defendant's conviction for armed robbery in the absence of proof beyond a reasonable doubt that a robbery occurred; alternatively, the verdict is against the great weight of the evidence; it would be a denial of due process and a miscarriage of justice to allow defendant's conviction to stand.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Walker*, No. 292043, 2010 WL 3767610 (Mich. Ct. App. Sept. 28, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Walker*, 488 Mich. 1048 (Mich. March 8, 2011).

Petitioner then filed the pending habeas petition. She raises the same claim raised in state court.

## III.  Standard

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence

4

presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v.*

*Francis*, 144 F.3d 429, 433 (6th Cir.1998). Under that review standard, mere error by the

state court does not justify issuance of the writ; rather, the state court's application of

federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520–21

(*quoting Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)).

Additionally, this Court must presume the correctness of state court factual

determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a

determination of a factual issue made by a State court shall be presumed to be correct.");

*see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.1996) (stating that "[t]he court gives

complete deference to state court findings of historical fact unless they are clearly

erroneous").

      The Supreme Court has explained the proper application of the "contrary to"

clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's]
> clearly established precedent if the state court applies a rule that contradicts
> the governing law set forth in our cases....
>
> A state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts that are
> materially indistinguishable from a decision of this Court and nevertheless
> arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405–06.

      The Supreme Court has held that a federal court should analyze a claim for habeas

corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.  The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law.  Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, 562 U.S. —, 131 S.Ct. 770 (2011), the Court reiterated that the AEDPA requires federal habeas courts to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785–86 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## IV.  Discussion

Petitioner argues for habeas relief on the grounds that insufficient evidence was presented to sustain her armed robbery conviction because the prosecutor failed to prove beyond a reasonable doubt that a robbery occurred and that the verdict is against the great weight of the evidence.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with

which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319 (emphasis in original).  In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)).  First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, *citing Jackson,* 443 U.S. at 319).  Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

Under Michigan law, the elements of armed robbery are: "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *People v. Johnson*, 206 Mich. App. 122, 123, 520 N.W.2d 672, 673 (1994).  The Michigan Court of Appeals, although

7

not specifically citing *Jackson*, clearly applied the *Jackson* standard and held that

sufficient evidence was presented to sustain Petitioner's conviction:

> Defendant argues that the prosecution failed to establish "a felonious taking of property" beyond a reasonable doubt because the police never recovered the alleged proceeds of the robbery, five $1 bills. Although the record is unclear regarding the precise location of the money when defendant was arrested or how defendant managed to dispose of it, these are not elements of armed robbery, and the prosecution was not required to prove these issues. All that was required was sufficient evidence for the trial court, as the trier of fact, to find beyond a reasonable doubt that defendant in fact took the money.
>
> Here, the trial court's determination whether defendant took money from the cab driver required a weighing of conflicting testimony. The cab driver testified that defendant stuck a pointy object in the back of his neck after he told her that he was going to drive her to the police station. When she threatened to cut him if he did not give her money, the cab driver gave her five $1 bills. She then got out of the cab and jumped into a silver vehicle two cars ahead. Defendant denied taking money from the cab driver or holding an object against his neck. The trial court found the testimony of the cab driver to be credible, stating that the cab driver had no reason to lie and that his testimony regarding other aspects was verified by other witnesses. The trial court stated that it did not believe defendant's testimony. When there is conflicting testimony, the question of witness credibility ordinarily should be left for the trier of fact. *People v. Lemmon*, 456 Mich. 625, 642-643, 576 N.W.2d 129 (1998). We will not interfere with the trier of fact's role in determining the credibility of the witnesses or the weight of the evidence. *People v. Williams*, 268 Mich.App. 416, 419, 707 N.W.2d 624 (2005). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that defendant took five $1 bills from the cab driver. Defendant's conviction for armed robbery is supported by sufficient evidence.

*Walker,* 2010 WL 3767610 at *1.

   "A reviewing court does not reweigh the evidence or redetermine the credibility of

the witnesses whose demeanor has been observed by the trial court." *Matthews v.*

*Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), (citing *Marshall v. Lonberger*, 459 U.S.

422, 434 (1983)).  "A reviewing court 'faced with a record of historical facts that supports

conflicting inferences must presume – even if it does not affirmatively appear in the

record – that the trier of fact resolved any such conflicts in favor of the prosecution, and

must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, __, 130 S. Ct. 665, 673

(2010), (quoting *Jackson*, 443 U.S. at 326).  According the state court's findings of fact a

presumption of correctness, this Court concludes that the Michigan Court of Appeals'

decision that sufficient evidence was presented to sustain Petitioner's conviction did not

"result[] in a decision that . . . involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. §

2254(d)(1).  Petitioner is not entitled to federal habeas corpus relief with respect to this

claim.

 Petitioner also raises a claim that the verdict was against the great weight of the

evidence.  In Michigan, a trial court may order a new trial "where the evidence

preponderates heavily against the verdict and a serious miscarriage of justice would

otherwise result."  *People v. Lemmon*, 456 Mich. 625, 642 (1998) (internal quotation

omitted).  The grant of a new trial under these circumstances is distinct from the due

process issues raised by insufficient evidence, and "does not implicate issues of a

constitutional magnitude."  *Id.* at 634 n. 8, 576 N.W.2d at 133. Thus, a claim that a

verdict is against the great weight of the evidence alleges an error of state law, which is

not cognizable on habeas review.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that

9

"federal habeas corpus relief does not lie for errors of state law").

## V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

## VI.  Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 29, 2013

10

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager